NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0432n.06

No. 17-5474

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Aug 23, 2018
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MELISSA MCGREW, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| VCG HOLDING CORP., et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: NORRIS, BATCHELDER, and STRANCH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The Plaintiffs, a group of exotic dancers who worked at a "gentleman's club," attempted to bring a class action against the club, a holding company that owned the club, and two executives (collectively "Defendants"), alleging that the Defendants had misclassified the Plaintiffs as independent contractors rather than as employees, resulting in violations of the Fair Labor Standards Act ("FLSA") and certain Kentucky state employment laws. But each of the Plaintiffs had entered into individual arbitration agreements with the Defendants, so the district court dismissed the case and compelled individual arbitration.

The Plaintiffs appealed, raising four issues. *First*, whether under *NLRB v. Alternative Entertainment, Inc.*, 858 F.3d 393 (6th Cir. 2017), decided after the district court's decision, the individual arbitration agreements conflicted with the National Labor Relations Act ("NLRA")'s collective-action guarantees. *Second*, whether the individual arbitration agreements conflicted with the FLSA's collective-action guarantees. *Third*, whether the arbitrator or the district court should initially decide whether the Plaintiffs were employees (who are covered by the NLRA and

No. 17-5474, *Melissa McGrew, et al. v. VCG Holding Corp., et al.*

FLSA) or independent contractors (who are not covered by the NLRA or FLSA). *Fourth*, whether the district court abused its discretion by enforcing individual arbitration before facilitating notice to other potential class members pursuant to Section 216(b) of the FLSA.

We delayed deciding this case because the Supreme Court's then-pending decision in *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), would resolve the first issue, and our then-pending decision in *Gaffers v. Kelly Servs., Inc.*, No. 16-2210 (6th Cir. 2018), would resolve the second issue. In *Epic*, the Supreme Court abrogated our *Alternative Entertainment* decision and held that individual arbitration agreements do not conflict with the NLRA's collective-action guarantees. *See* 138 S. Ct. at 1623–32. And in *Gaffers*, we held that individual arbitration agreements do not conflict with the FLSA's collective-action guarantees. *See* No. 16-2210, __ F.3d __, slip op. at 2 (6th Cir. Aug. 15, 2018). *Epic* and *Gaffers* control here, and resolve the first and second issues in this case in the Defendants' favor. And because the holdings of *Epic* and *Gaffers* mean that individual arbitration agreements are enforceable against both employees and independent contractors, we need not resolve what would have been the third issue in this case if *Epic* and *Gaffers* had gone the other way.

This leaves us with only the fourth issue, and *Epic* and *Gaffers* have made it an easy one. In FLSA collective actions, the Supreme Court has authorized district courts to facilitate notice to similarly situated potential plaintiffs. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–74 (1989). Whether or how to facilitate notice, however, is within the discretion of the district court. *Id.* at 171. The Plaintiffs cite no in-circuit authority showing that the district court abused its discretion at the time by declining to facilitate notice to other potential plaintiffs. But even if the district court did abuse its discretion, after *Epic* and *Gaffers* there will be no FLSA collective action against the Defendants about which the district court could facilitate notice.

For these reasons, we **AFFIRM** the judgment of the district court.